**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| GENEVA TRIPLETT, | ) | Case No. CV 09-4938 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

### I. BACKGROUND

Plaintiff Geneva Triplett was born on January 24, 1949 and was fifty-nine years old at the time of her administrative hearing. [Administrative Record ("AR") 35.] She has a high school education and past relevant work experience as a receptionist, apartment manager,

1

and data entry worker. [Joint Stipulation, "JS," 2.] Plaintiff alleges disability on the basis of cervical disease in the neck, carpal tunnel of both hands, hypertension, depression, pain in the neck and shoulder, and degenerative disc disease. [AR 131.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on July 9, 2009.  On December 21, 2009, defendant filed plaintiff's Administrative Record ("AR").  On March 15, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff Triplett applied for a period of disability and disability insurance benefits ("DIB") on February 5, 2007, alleging disability since September 23, 2004.  [JS 2.]  After the application was denied initially and on reconsideration, an administrative hearing was held on August 7, 2008, before an Administrative Law Judge ("ALJ").  [Transcript, AR 31.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff, two medical experts ("ME"), and a vocational expert ("VE").  [Id.]  The ALJ denied benefits on January 8, 2009.  [Decision, AR 19.]  When the Appeals Council denied review on May 14, 2009, the ALJ's decision became the Commissioner's final decision.  [AR 1.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the

court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

>Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v.

1 education, and work experience, a claimant can perform other work
2 which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098,
3 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 23, 2004 (step one); that plaintiff had "severe" impairments, namely hypertension, obesity, cervical strain, dysthymic disorder, and pain disorder (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 24-25.] Plaintiff was found to have an RFC enabling her to perform work at less than the full range of light work, including lifting and carrying twenty pounds occasionally, and ten pounds frequently. [AR 26.] Additionally, plaintiff was limited to occasional postural manipulations, occasional overhead reaching, and occasional twisting and manipulating of the wrists. <u>Id.</u> Plaintiff was found to have mild limitations in activities of daily living and in maintaining social functioning, with moderate limitations in maintaining concentration, persistence, and pace. <u>Id.</u> The vocational expert testified that a person with Plaintiff's functional capacity could perform Plaintiff's past relevant work as a receptionist, apartment manager, and data entry worker (step four). [AR 29.] Relying on the vocational expert's testimony that Plaintiff could perform her past relevant work, the ALJ's analysis did not proceed to the fifth step of the sequential evaluation. <u>Id.</u> The ALJ found that the claimant was not "disabled"

---

<u>Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

as defined by the Social Security Act. [AR 30.]

**C.   ISSUES IN DISPUTE**

The parties' joint stipulation identifies two disputed issues:

1. Whether the ALJ's residual functional capacity assessment is supported by substantial evidence?
2. Whether the ALJ's finding that Geneva Triplett can perform her past relevant work is supported by substantial evidence? [JS 2.]

Because Issue Two dispositive, the court need not address Issue One as presented in the joint stipulation.

**D.   PLAINTIFF'S PAST RELEVANT WORK**

**Background**

Plaintiff was last employed as a receptionist for Pitney Bowes; she stopped working in September, 2004 after sustaining a a continuous use injury to her neck, shoulders, arms, and hands. [AR 36-37, 413-414.] Prior to her employment at Pitney Bowes, plaintiff worked as a temporary receptionist, data entry worker, and apartment manager. [AR 37.] On November 3, 2004 plaintiff was diagnosed with cervical protrusion at C2-3, C5-6, and C6-7; cervical disc disease at 3 levels; bilateral shoulder sprain; and obesity. [AR 409.] On September 20, 2007, Plaintiff was given a physical RFC assessment by medical consultant P.E. Boetcher. [AR 374-378.] Plaintiff was found to be exertionally limited to occasionally lifting twenty pounds, frequently lifting ten pounds, standing and/or walking for six hours and sitting for six hours in an eight-hour work day. [AR 375.] Plaintiff was also found to be limited in her ability to reach in all directions. [AR 376.]

Plaintiff sought mental health treatment beginning in 2007. [AR 303-14.] She reported experiencing "lethargy, tearfulness, GI problems, irritability, apathy, restlessness, difficulty with sleep and with concentration." [AR 303.] Her initial mental health diagnosis was of major depression, Axis I. [AR 305, 308.] She was prescribed medication, individual therapy, and group therapy. [AR 306.] On October 24, 2007, medical consultant Dr. Yvonne C. McDowell completed a mental RFC assessment of Plaintiff. [AR 392.] In pertinent part, Dr. McDowell found that Plaintiff retained the capacity to "understand, remember and follow simple instructions and carry out simple work-related tasks; sustain adequate concentration, persistence and pace; relate and maintain appropriate workplace social interaction; and adapt to normal workplace changes in routine." Id.

**Administrative Hearing**

At the administrative hearing, after hearing testimony from two medical experts, the vocational expert ("VE") testified. [AR 59.] The VE testified that a person with Plaintiff's limitations could perform all of her past relevant work. [AR 61.] Specifically, the VE noted that "none of these jobs have any postural requirements" and that none of the jobs involved abduction and adduction of the wrist. [AR 61.] However, the ALJ did not question the VE as to whether her testimony was consistent with the DOT with respect to all of Plaintiff's limitations, particularly the limitation to occasional overhead reaching. Id. [2]

---

[2] Plaintiff's attorney did ask the VE, "Where did you come up with the information with respect to the no abduction or adduction of the wrists? I know that's not in the DOT." [AR 61.] The VE replied: "This would be my personal experience with these jobs." Id. The VE testified that she had completed job analyses for these jobs, and

**Discussion**

Social Security Ruling 00-4p provides that "when a vocational expert . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that . . . evidence and information provided in the DOT." SSR 00-4p, 2000 SSR LEXIS 8, at *8-9. In Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007), the Ninth Circuit held that an ALJ may not rely on a VE's testimony without first inquiring about potential conflicts with the DOT. Id. at 1152. Under this authority, the ALJ improperly relied on the VE's testimony without making an inquiry as to whether there was a conflict between her testimony and the DOT. Without this query, the court could not determine whether "the ALJ properly relied on (the VE's) testimony," and thus could not "determine whether substantial evidence supports the ALJ's step-five finding." Id. at 1154 (citing Prouchaska v. Barnhart, 486 F.3d 731, 736 (7th Cir. 2006)(holding that an ALJ's failure to make the relevant inquiries under SSR 00-4p leaves "unresolved potential inconsistenc[ies] in the evidence").

Based on the record, there was an apparent conflict between the VE's testimony and the DOT as to each of plaintiff's past relevant positions, none of which were explained by the record. See DOT 186.167-018 (apartment resident manager); 203.582-054 (data entry worker); 237.367-038 (receptionist). Each listing in the DOT requires frequent reaching and handling, defined as existing 1/3 to 2/3 of the time. Id. However, this is in apparent conflict with the ALJ's finding that Plaintiff is limited to occasional overhead reaching,

---

performed them herself. [AR 61-62.]

8

with no explanation for the conflict. Id. Accordingly, the record is unclear as to whether substantial evidence supports the ALJ's step four finding that Plaintiff could perform her past relevant work. See Massachi, 486 F.3d at 1154. Further proceedings are therefore required for additional inquiry under SSR 00-4p.

### E. REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above in Issue Two,[3] outstanding issues remain before a finding of disability can be made. Accordingly, remand is appropriate.

//
//
//
//
//
//

---

[3] Issue One, assuming it was meritorious, would not direct a finding of disability on the basis of the existing record.

**VI. ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

Dated: July 27, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge